RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 11/15/06
BY SDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PIKE ELECTRIC CORPORATION & PIKE ELECTRIC, INC.<br>Plaintiff | CIVIL ACTION<br>NO. CV06-0757 |
| VERSUS | |
| ALEX GRAHAM, SAMMY CHRISTIAN TIMOTHY DRODDY, and CLIFTON DRODDY<br>Defendants | JUDGE ROBERT G. JAMES<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Alex Graham, Sammy Christian, Timothy Droddy and Clifton Droddy ("defendants") were employees pursuant to employment contracts with Red Simpson, Inc. On July 1, 2004, Red Simpson Inc. was acquired by plaintiffs, Pike Electric Corporation and Pike Electric, Inc. ("Pike"). Pike contends these contracts, which contained provisions not to compete or disclose proprietary information, such as business methods and trade secrets, were breached when defendants left their employment with Pike and went to work for T&D Solutions, Ltd. Pike filed suit on May 8, 2006 in the United States District Court for the Western District of Louisiana pursuant to the forum selection clause contained in the employment contracts.

Defendants object to venue and seek transfer of the case to the United States District Court for the Southern District of Texas, McAllen Division. Defendants argue they did not waive

objections to venue; this court does not have personal jurisdiction over all of the defendants; and, as a matter of judicial economy, this matter should be transferred for consolidation with the matter entitled <u>Pike Electric Corporation and Pike Electric, Inc. v. T&D Solutions, Ltd., T&D Solutions Managers, LLC, Cory Close and Chad Dubea</u>, civil action number M-04-410, which arises out of the same transactions and occurrences.

In their answer, defendants demanded a trial by jury, and in response, Pike filed a motion to strike the jury demand. Both the motion to transfer venue (Doc. Item 5) and the motion to strike the jury demand (Doc. Item 12) are before me for Report and Recommendation.

## Motion to Transfer Venue

Defendants contend venue is improper; therefore, the court should dismiss this action pursuant to 28 U.S.C. §1406(a) or, in the alternative, transfer the matter to the United States District Court for the Southern District of Texas, McAllen Division ("Southern District of Texas") pursuant to 28 U.S.C. §1404(a).

Section 1406(a) provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

If, as Pike argues, the forum selection clause is valid and enforceable then there is no need to evaluate personal jurisdiction or whether venue is otherwise proper as defendants would have

waived any objections thereto.

When evaluating a 1406 motion to dismiss which is based upon the existence of a forum selection clause, the court should apply the test set forth in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). See International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112 (5th Cir. 1996). In M/S Bremen, the Supreme Court held that a forum selection clause is considered "*prima facie*" valid and enforceable. However, the presumption of validity can be overcome if the opposing party shows the clause is unreasonable under the circumstances. M/S Bremen, 407 U.S. at 10, 92 S.Ct. 1907, 1913. "The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court." Mitsui & Co. v. Mira M/V, 111 F.3d 33, 35 (5th Cir. 1997) citing Bremen, 407 U.S. at 10, 12-13, 15, 18, 92 S.Ct. at 1913, 1914-15, 1916, 1917-18.

Though defendants request dismissal of the case, they do not set forth any substantive arguments that the forum selection clause is unreasonable under the circumstances. Rather, their motion is centered around the argument that the existence of a forum selection clause is only one of many factors which should be evaluated by the court when deciding whether to transfer a matter under 1404(a). Accordingly, because defendants effectively concede

the forum selection clause is valid and enforceable, venue is proper pursuant thereto and the motion to dismiss should be denied.

Even though the forum selection clause may be valid and enforceable, this does not preclude the court from examining transfer of venue under 28 U.S.C. 1404(a). The Supreme Court in Stewart found that 28 U.S.C. 1404 "governs the District Court's decision whether to give effect to the parties' forum selection clause...." Stewart Organization, Inc. v. Ricoh Corporation, 487 U.S. 22, 29-30, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988).

Section 1404(a) provides:

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision to transfer is left to the sound discretion of the transferring judge. Jarvis Christian College v. Exxon Corporation, 845 F.2d 523, 528-29 (5th Cir. 1988), citation omitted. The first determination to be made when evaluating transfer under 1404(a) is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." In re Volkswagen, 371 F.3d 201, 203 (5th Cir. 2004), citing, In re Horseshoe Entm't, 337 F.3d 429, 443 (5th Cir.), cert. denied, 540 U.S. 1049, 124 S.Ct. 826, 157 L.Ed.2d 698 (2003). Jurisdiction would be proper in the Southern District of Texas based upon diversity of citizenship, and venue would be proper as the operative facts of the case, i.e the alleged breach and alleged

4

disclosure of proprietary information, occurred there.[1]

While a 1406 dismissal is examined under the standards set forth in M/S Bremen, a 1404 transfer is evaluated under Stewart. See International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112 (5th Cir. 1996). In Stewart, the Supreme Court found that "[t]he flexible and individualized analysis Congress prescribed in §1404(a)... encompasses consideration of the parties' expression of their venue preferences." The existence of a forum-selection clause should "figure centrally in the district court's calculus" when it weighs the case-specific factors. Stewart 487 U.S. at 29-30, 108 S.Ct. at 2244. Thus, the court should consider the existence of the forum selection clause as well as the convenience of the forum to the parties and witnesses and the interests of justice.

When examining the factors, it is evident that Texas is a far more convenient forum than Louisiana. The parties and potential witnesses have significant ties to Texas in that Pike conducts business in Texas, all four defendants work for T&D Solutions, Ltd. in Texas and T&D Solutions, Ltd. is a Texas corporation. Additionally, defendants Alex Graham, Sammy Christian and Timothy Droddy live in Texas, and more importantly, the alleged wrongdoing took place in Texas.

---

[1] It is worth noting that Pike chose the Southern District of Texas as the proper venue for the related case it filed against T&D Solutions in 2005.

It is also significant that the related case, <u>Pike Electric Corporation and Pike Electric, Inc. v. T&D Solutions, Ltd., T&D Solution Managers, LLC, Cory Close and Chad Dubea</u>, was filed by Pike and is currently pending in the Southern District of Texas. The Texas case and this lawsuit arise out of the same transactions and occurrences and involve the same witnesses and/or parties. Each of the defendants' depositions have been taken in the Texas suit, discovery is complete, a January 2007 trial date has been requested and resolution of any issues in the Texas case would impact this litigation and vice versa.

Though the employment contracts contain a forum selection clause, its existence is outweighed by the convenience of the Texas forum to the parties and witnesses as well as the interests of justice, specifically judicial ecomony. Accordingly, this matter should be transferred to the Southern District of Texas, McAllen Division.

## Motion to Strike Jury Demand

Given the recommendation that the matter be transferred to the United States District Court, Southern District of Texas, McAllen Division, the issue of whether or not to strike the jury demand is moot.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to transfer venue be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of November, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE